O'BRIEN, County Treasurer, v. ROCKEFELLER.

(Circuit Court of Appeals, Sixth Circuit.   February 6, 1917.)

No. 2879.

1. TAXATION ⊂⊃95(1)—SITUS OF PERSONAL PROPERTY—NONRESIDENT OWNER—
    STATUTE.

    Under Gen. Code Ohio, §§ 5373, 5374, providing that a person who has had his actual or habitual place of abode in the state for the larger portion of the 12 months next preceding the annual tax listing day shall, for the purposes of taxation, be deemed a resident of the state, unless he shall before said day have changed his place of abode to a place without the state, with the bona fide intention of continuing actually to abide permanently without the state; that, if a person so removing from the state returns to it to reside within 6 months thereafter, it shall be prima facie evidence that he did not intend to permanently change; that the fact that a person so residing within the state does not exercise the right to vote shall not of itself constitute him a nonresident; and that no provision of the act shall be construed to repeal any statute previously in force as to the taxation of personal property—a bona fide citizen and resident of another state, who came to Ohio for a purely temporary object, with intent to return to his former abode, but notwithstanding the continuance of that intent was prevented by fortuitous circumstances from returning, until after the tax list day, is not subject to taxation on corporate stock, bonds, annuities, etc., owned by him and kept in the state of his residence, though he had been a resident and citizen of Ohio more than 25 years ago, since it is clear that the statute was aimed at persons really domiciled in Ohio who pretend to be domiciled out of the state.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 190; Dec. Dig. ⊂⊃95(1).]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Suit by John D. Rockefeller against P. C. O'Brien, County Treasurer of Cuyahoga County, Ohio, to restrain the collection of taxes. Decree for the complainant (224 Fed. 541), and defendant appeals. Affirmed.

Frederick W. Green, Asst. Pros. Atty., of Cleveland, Ohio, for appellant.

A. E. Clevenger, and W. B. Sanders, both of Cleveland, Ohio, for appellee.

Before WARRINGTON and DENISON, Circuit Judges, and HOLLISTER, District Judge.

PER CURIAM.   The single question presented upon this appeal is whether, under a particular statute of Ohio (94 O. L. 162; 3 Gen. Code Ohio, §§ 5373, 5374), taxes could rightfully be exacted of appellee for "moneys invested in bonds, stocks, joint-stock companies, annuities, or otherwise." The securities themselves, in respect of which it is sought to exact the taxes, were in New York, not in Ohio, throughout the time in question. The facts upon which the case depends are stated by the District Judge, now Mr. Justice Clarke, in

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

his opinion reported in 224 Fed. 541. In view of the learned judge's treatment of the case, both upon the pertinent facts and the law, an extended opinion here could serve no useful purpose. Upon careful consideration of the evidence and arguments, we are convinced that the trial judge's analysis of the statute and his conclusion are sound; and, as expressive of our view of the controlling facts and of some of the reasons why the statute is not applicable to such a situation, we may state:

Indisputably, when appellee came into Ohio, in June, 1913, he was a bona fide citizen and resident of the state of New York, and in every sense a nonresident of Ohio; he came into Ohio for a purely temporary object and with intent to return to his permanent place of abode, his domicile, in New York, not later than the early part of the following October; the object of his coming and the intent to return to his domicile continued, not only to the time so fixed, but throughout his stay in Ohio; and wholly fortuitous circumstances prevented the execution of his abiding intent until shortly after February 3, 1914, the tax-listing day in Ohio.

On its face the statute was not designed to apply to such a case. The statute certainly is not in terms directed against a bona fide nonresident, who never was a resident of Ohio, and who, having a fixed domicile elsewhere, may happen to be in the state for the time and under the conditions here shown; interpreted as an entirety, and in the light of the well-known conditions which gave rise to the statute, as pointed out by Judge Clarke (224 Fed. 553), it is clear that the statute is aimed against citizens of Ohio who, while really domiciled in Ohio, pretend to be domiciled outside of the state; and the circumstance that the appellee, more than a quarter of a century before his sojourn in Ohio for the time here in question, was a citizen and resident of that state, cannot in principle differentiate his situation from what it would be, had he always been a nonresident.

It results that the decree must be affirmed; and, since the appellee has acquiesced in the portion of the decree denying to him relief in respect of his tangible property (i. e., the automobiles), he will recover costs in this court.